IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| APRIL CANTERBURY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-0104-CV-W-HFS |
| ) | |
| PARSONS CONSTRUCTORS, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff sues her former employer (Parsons Evergreene), alleging sexual harassment by co-employees and retaliation for making complaints. Pending is (1) a motion to dismiss (Doc. 12), contending plaintiff is bound by a signed agreement to arbitrate, (2) plaintiff's motion to file surrebuttal material (Doc. 22), and (3) defendant's motion to stay until the arbitration issue is ruled (Doc. 30). For reasons stated below the motion to dismiss will be denied, but a stay pending arbitration will be granted.

The motion to file surrebuttal material (Doc. 22) is somewhat untimely in part but will be GRANTED, to provide a complete record. The motion to stay until arbitrability is decided (Doc. 30) will be DENIED as moot.

Plaintiff's initial response resisting arbitration, despite her signed agreement dated April 6, 2006 (Doc. 13-1) is based on lack of mutuality or one-sidedness in the agreement itself, because it does not impose obligations on the employer and allows the employer to amend "from time to time". She cites case law holding that an "unfettered right to alter" makes the agreement "illusory". Dumais v. American Golf Corp., 299 F.3d 1216, 1219 (10th Cir. 2002). See also Floss v. Ryan's

Family Steakhouses, Inc., 211 F.3d 306, 315-6 (6th Cir. 2000); Hooter's of America, Inc. v. Phillips, 173 F.3d 933, 939 (4th Cir. 1999); Gibson v. Neighborhood Health Clinics, 121 F.3d 1126, 1133 (7th Cir. 1997) (Cudahy, J., concurring).

Defendant responds that there are time restrictions on the amendment right and that amendments cannot apply to then-pending claims. The 10th Circuit, which decided Dumais, holds the agreements "not illusory" when there are "reasonable restrictions" on amendment rights. Hardin v. First Case Fin. Serv., Inc., 465 F.3d 470, 479 (10th Cir. 2006). The 4th Circuit, which decided Hooter's, also sustained arbitration plans subject to amendment when restrictions like those in defendant's plan were incorporated in the scheme. American Life and Accident Ins. Co. v. Wood, 429 F.3d 83 (4th Cir. 2005). See also Seawright v. American Gen. Fin. Serv. Inc., 507 F.3d 967, 974-5 (6th Cir. 2007). Defendant seems to have the considerable weight of current authority on its side, and I am prepared to accept the distinctions which avoid the Dumais line of cases.

In surrebuttal, however, plaintiff relies on a newly decided Missouri ruling that bars enforcement of an arbitration plan when imposed on at-will employees and containing some of the defects in the Dumais case. Morrow v. Hallmark Cards, Inc., 273 S.W.3d 15 (Mo. App. W.D. 2008). Plaintiff notes that validity is to be determined by State law. Whether the seven-judge appellate ruling in Morrow will drastically impinge on employee arbitration cases arising in Missouri remains to be seen. I conclude, however, that it is not controlling here because the Hallmark plan was imposed on an "existing at-will employment relationship" (273 S.W.3d at 22) whereas the April 6, 2006 document signed by plaintiff was a condition of future employment, which began on April 17, 2006, according to the complaint. As the concurring judges noted in Morrow, the plan there was

2

"not a condition of an initial employment offer". 273 S.W.3d at 32. Thus the issues of mutuality of obligation and the like are apparently limited to the <u>Morrow</u> context.[*]

I acknowledge that it is conceivable that the <u>Morrow</u> case hostility toward adhesion provisions which limit employee rights to litigate could spill over, in Missouri law, to a case like this, but that cannot be predicted, and plaintiff does not cite litigation supporting such a trend in the State cases. I note that Judge Murgia was somewhat dismissive of <u>Morrow</u>, in a Kansas case involving the same employer. <u>Kenney v. Hallmark Cards, Inc.</u>, 2009 WL 102682 (D. Kan.). There is some potential for conflict in light of the "'strong federal policy in favor of arbitration'". <u>Kenney</u>, supra, Op. p. 2. I conclude this agreement would probably survive in the Missouri courts.

The final contention of plaintiff, advanced in surrebuttal, is that the signed agreement to arbitrate disputes was unaccompanied, despite the recitation, with any explanatory brochures, and that the complete system of arbitrating disputes was not disclosed until litigation. An affidavit by a former instructor at defendant's orientation programs suggests, in general terms, that this probably occurred. Doc. 24-1. Even if I accept the affidavit as proof contrary to the document that plaintiff signed (Doc. 13-1), I think her commitment to arbitrate disputes with the employer is probably adequately expressed in the paper she signed, and that the omission of further details about the program is not fatal. The briefing offers no case law establishing such a defense to arbitration. As a practical matter, moreover, it would be unrealistic to suppose that plaintiff would, at the beginning of her employment, devote an hour, or even fifteen minutes, to studying details of the arbitration

---

[*] <u>Ketcherside v. McLane</u>, 118 S.W.3d 631, 635 n.1 (Mo. App. S.D. 2003) (mutuality of obligation does not apply to unilateral contracts). While plaintiff would equate hiring an employee to an at-will position as meaningless consideration for an agreement to arbitrate disputes, I doubt the Missouri courts will adopt such an unrealistic view.

3

procedure beyond the rather plainly stated paper she signed – and in which the employer offered more documentation on request.

Under existing law, therefore, I conclude that plaintiff is limited to arbitration rather than litigation.

Whether the case should be dismissed or stayed is the remaining issue. In a case cited from this district, a dismissal was recently changed to a stay. Finnie v. H&R Block Fin. Adv., Inc., 2009 WL 56971 (8th Cir.). See also Lloyd v. Hovensa, LLC, 369 F.3d 263 (3d Cir. 2004).

The motion to dismiss (Doc. 12) is therefore DENIED, but a stay pending arbitration will be GRANTED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

March  27 , 2009

Kansas City, Missouri

4